IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| DAVID GUY EVANS, | Case No. 6:16-cv-01692-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CAROLYN W. COLVIN,<br>Commissioner of Social Security, | |
| Defendant. | |

**BECKERMAN, Magistrate Judge.**

This matter comes before the Court on David Guy Evans' ("Plaintiff") application pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for reimbursement of attorney's fees he incurred in litigating his case. The Commissioner of the Social Security Administration ("Commissioner") opposes Plaintiff's application on the ground that her litigation position was "substantially justified," a finding which would preclude a fee award under the EAJA. *See Decker v. Berryhill*, 856 F.3d 659, 661 (9th Cir. 2017); 28 U.S.C. § 2412(d)(1)(A). For the reasons that follow, the Court grants Plaintiff's application for EAJA fees.

PAGE 1 – OPINION AND ORDER

**BACKGROUND**

For many years, Plaintiff received disability insurance benefits under Title II of the Social Security Act, because the Social Security Administration ("SSA") found that Plaintiff met the criteria for blindness. In October 2013, the SSA determined that Plaintiff's eligibility for disability benefits "ceased effective October 1, 2004, which was the first month in which [Plaintiff] performed substantial gainful activity . . . after the completion of [a] trial work period." (Tr. 8.) In February 2014, Plaintiff applied for reinstatement of his disability insurance benefits and informed the SSA that he was no longer engaged in substantial gainful activity. (Tr. 8, 257.)

In August 2014, the SSA sent Plaintiff a letter explaining that he was not entitled to reinstatement of his disability insurance benefits because he owned, and oversaw the operation of, a medical marijuana dispensary, and because Plaintiff's "work worth" (i.e., how much an employer would pay Plaintiff for performing the same type of managerial activities on behalf of a different business) exceeded the substantial gainful activity threshold for blind individuals. (Tr. 144-45.)

In August 2015, an Administrative Law Judge ("ALJ") issued a decision that addressed Plaintiff's application for reinstatement of his disability benefits (hereinafter, "the reinstatement decision"). (Tr. 257-59.) In his reinstatement decision, the ALJ addressed whether Plaintiff was engaging in substantial gainful activity and whether his request for reinstatement was filed within five years "from the month benefits stopped." (Tr. 258.) The ALJ found that Plaintiff was engaged in substantial gainful activity on February 24, 2014, the day he filed a request for reinstatement; Plaintiff executed an agreement to sell his medical marijuana business on March 24, 2015, and thus was no longer engaged in substantial gainful activity as of that date; and Plaintiff brought his request for reinstatement within five years of the "agency's [October 2013]

PAGE 2 – OPINION AND ORDER

decision to stop benefits." (Tr. 259.) Accordingly, the ALJ determined that Plaintiff became eligible for reinstatement on March 24, 2015, the day he stopped engaging in substantial gainful activity.

In July 2016, the Social Security Appeals Council issued a decision declining to adopt the ALJ's reinstatement decision. The Appeals Council concluded that the ALJ erred in finding that Plaintiff was eligible for reinstatement as of March 24, 2015, because 20 C.F.R. § 404.1592d(d)(1) provides that a request for reinstatement "must be filed within the consecutive [sixty]-month period that begins with the month in which entitlement is terminated due to the performance of [substantial gainful activity]." (Tr. 9.) The Appeals Council went on to explain that: (1) January 2010 was "the last month" in which Plaintiff could have requested reinstatement under 20 C.F.R. § 404.1592d(d)(1), even though the SSA did not terminate Plaintiff's disability insurance benefits until October 2013; (2) Plaintiff's request was filed on February 24, 2014, several years after the January 2010 cut-off date; (3) the ALJ should have used January 2010 instead of October 2013 as "the controlling date" for assessing whether Plaintiff's request for reinstatement was filed within the sixty-month period; and (4) Plaintiff was not eligible for reinstatement of his disability insurance benefits in February 2014, because he was engaged in substantial activity at that time (i.e., since Plaintiff's "countable worth of work operating his business was over the [substantial gainful activity] threshold amounts") and, therefore, good cause did not exist to excuse Plaintiff's untimely request for reinstatement of his benefits. (Tr. 8-9.)

In August 2016, Plaintiff filed suit in federal court challenging the Appeals Council's decision.

In July 2017, the Court determined that the denial of Plaintiff's request for reinstatement was based on harmful legal error. In so concluding, the Court observed that the Commissioner acknowledged that she can excuse the untimely filing of an application of reinstatement based on a finding of good cause, and that in finding an absence of good cause, the Appeals Council relied on the fact that Plaintiff's "countable worth of work operating his business was over the [substantial gainful activity] threshold amounts." *Evans v. Berryhill*, No. 6:16-cv-01692-SB, 2017 WL 3238236, at *5-6 (D. Or. July 31, 2017). The Court also observed that the "worth of work" test is one of three tests used to determine whether a self-employed claimant has engaged in substantial activity; however, Social Security Ruling ("SSR") 83-34 makes clear that "[t]he self-employment activity of blind persons in 1978 or later . . . should not be evaluated in terms of the test[] of . . . worth of work[.]" *Id.* at *6 (quoting SSR 83–84, 1983 WL 31256, at *10). The Court went on to note that the Commissioner did not dispute Plaintiff's claim that the Appeals Council erred by relying on the "worth of work" test in finding an absence of good cause; rather, the Commissioner argued that the error was harmless because the Appeals Council would have reached the same result based on the use of the permissive terms "can" and "may" in 20 C.F.R §§ 404.911(b) and 404.1592d(d)(1) and the SSA's Program Operations Manual System ("POMS"). *Id.*; *see also* 20 C.F.R. § 404.911(b) (setting forth a nonexclusive list of "examples of circumstances where good cause may exist"); 20 C.F.R. § 404.1592d(d)(1) ("If we receive your request after the 60–month period we can grant you an extension if we determine you had good cause under the standards explained in § 404.911 for not filing the request timely."); POMS DI 13050.010A.2, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0413050010 (last visited Dec. 11, 2017) (stating that "[i]f the reason(s) shows that the individual has good cause . . . , then

an extension of time for requesting [reinstatement] can be given," and providing an example of good cause that appears applicable here).

Ultimately, the Court rejected the Commissioner's argument that the Appeals Council's error was harmless, noting, among other things, that (1) "[n]owhere in its decision did the Appeals Council state that it was denying [Plaintiff's] request for reinstatement simply because it could," (2) "in reviewing an agency action, this Court is constrained to review only the reasons *the agency* gave for its decision, not the *post hoc* justifications advanced on appeal," and (3) "[a]bsent a more persuasive argument to the contrary, the Court finds that the Commissioner committed legal error in denying [Plaintiff's] request for reinstatement, because SSR 83-84 states that the self-employment activity of a blind individual should not be evaluated under the worth of work test." *Evans*, 2017 WL 3238236, at \*6. The Court also noted that Plaintiff appeared to advance facially legitimate reasons for failing timely to file his request for reinstatement of his benefits, but the Appeals Council never reached the merits of those reasons because it erroneously relied on the worth of work test in denying benefits to a blind individual. *Id*. at \*6-7; *cf. Dexter v. Colvin*, 731 F.3d 977, 981-82 (9th Cir. 2013) ("[I]f a claimant provides a facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations, *see* 20 C.F.R. § 404.911(b), then due process requires that the [agency] address it.") (footnote omitted).

The Court entered judgment on July 31, 2017, remanding for further proceedings. The Commissioner did not appeal the decision. Plaintiff then moved for EAJA attorney's fees, which the Commissioner opposed.

///

///

## ANALYSIS

### I. LEGAL STANDARDS

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The phrase "fees and other expenses" is defined to include "reasonable attorney fees." *Id.* § 2412(d)(2)(A). "When the Commissioner seeks to avoid paying attorney fees for a prevailing party in a Social Security case, it is the Commissioner's burden to 'show[ ] that her position with respect to the issue on which the court based its remand was 'substantially justified.'" *Decker*, 856 F.3d at 664 (quoting *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). "Substantially justified" means that the Commissioner's litigation position had a "reasonable basis both in law and fact," and was "justified to a degree that could satisfy a reasonable person." *Id.* (citation and quotation marks omitted). However, a claimant's "success on the merits is not dispositive of an EAJA application," nor is the Commissioner substantially justified in opposing the merits simply because precedent did not squarely foreclose her litigation position. *Id.*

### II. DISCUSSION

The Commissioner opposes Plaintiff's motion for EAJA fees, arguing that her litigation position was substantially justified. Specifically, the Commissioner asserts that "the Appeals Council always retained the discretion to conclude that Evans did not have good cause for his late filing," and that "a reasonable person could conclude that the government's interpretation of the applicable regulations was reasonable." (Def.'s Resp. at 3.) In support of this assertion, the

Commissioner notes that the POMS and 20 C.F.R §§ 404.911(b) and 404.1592d(d)(1) use the permissive terms "can" and "may," which, according to the Commissioner, means that "even if the Appeals Council had made the correct decision on the substantial gainful activity issue [i.e., by not erroneously relying on the worth of work test in denying a blind individual's request for reinstatement of his benefits], it was not compelled to then conclude that Evans had good cause for his late filing." (Def.'s Resp. at 3-4.) The Court is not persuaded by the Commissioner's argument.

Whether an award of EAJA fees is proper here turns on whether remand to the agency was a foregone conclusion. *Compare Gardner v. Berryhill*, 856 F.3d 652, 658-59 (9th Cir. 2017) (concluding that the Commissioner's opposition to remand on the merits was unreasonable because remand was a "foregone conclusion," and therefore reversing the district court's denial of EAJA fees), *with Decker*, 856 F.3d at 665 (affirming the district court's denial of an EAJA fee motion where remand "was not inevitable" or "the only reasonable result"). In this case, remand was a foregone conclusion. The Appeals Council denied Plaintiff's request for reinstatement based on the worth of work test, which the Commissioner concedes was erroneous. This error resulted in the Appeals Council failing to address what appear to be facially legitimate reasons advanced by Plaintiff for finding good cause and excusing his untimely filing. Due process requires that the SSA address such reasons. *See Dexter*, 731 F.3d at 981-82 ("[I]f a claimant provides a facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations, *see* 20 C.F.R. § 404.911(b), then due process requires that the [agency] address it.") (footnote omitted). Accordingly, remand to the agency was a foregone conclusion.

In sum, it is the Commissioner's burden to demonstrate that "her position with respect to the issue on which the court based its remand was 'substantially justified.'" *Decker*, 856 F.3d at

664 (citation omitted). The Commissioner has failed to meet her burden with respect to the issue on which the Court based its remand. Accordingly, the Court grants Plaintiff's application for EAJA fees.[1]

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's application for attorney's fees under the EAJA (ECF No. 21).

IT IS SO ORDERED.

DATED this 11th day of December, 2017.

*Stacie F. Beckerman*

STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] The Commissioner does not challenge the reasonableness of Plaintiff's request for EAJA fees. Nevertheless, the Court has independently reviewed Plaintiff's fee request and finds it to be reasonable. *See generally Woll v. Comm'r Soc. Sec. Admin.*, No. 3:13-01877-MA, 2015 WL 3562191, at *1 (D. Or. June 5, 2015) ("The court has an independent duty to review the fee request to determine its reasonableness.").